■ In the Matter of the Claim of AEJAZ AHMED, Appellant. COMMISSIONER OF LABOR, Respondent. [741 NYS2d 758] —Rose, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 9, 2001, which ruled that claimant's request for a hearing was untimely.

Pursuant to Labor Law § 620 (1) (a), a claimant who is dissatisfied with an initial determination may request a hearing within 30 days after the mailing or personal delivery of the notice of determination. Contrary to claimant's argument, there is no evidence that the notice of determination disqualifying him from receiving benefits was personally delivered to him. Rather, the notice was mailed to him on October 17, 2000 and, therefore, claimant's letter mailed on November 17, 2000, the 31st day after the mailing of the notice, was not a timely request for a hearing (see, Matter of Dugan v Sweeney, 232 AD2d 706). We reject claimant's argument that a voluntary quit questionnaire, which was sent to him after he filed for benefits and prior to the initial determination, should have been treated as a timely request for a hearing. There is no evidence that the completed questionnaire was returned to the Department of Labor within the 30-day period prescribed by Labor Law § 620 (1) (a). To the contrary, in offering the completed questionnaire in evidence, claimant's counsel described it as a document that claimant had failed to submit previously because he had lost track of it. We have considered claimant's final argument based on an alleged denial of due process and find it to have no merit.

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.