In the Matter of the Claim of EDWIN F. DIAZ, Appellant. COMMISSIONER OF LABOR, Respondent. [775 NYS2d 607]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 12, 2003, which ruled that claimant's request for a hearing was untimely.

After losing his job as a restaurant worker, claimant was disqualified from receiving unemployment insurance benefits because he was terminated due to misconduct. Notices of determination to such effect were mailed to him on June 19, 2001. He admitted receiving such notices, both in English and in Spanish, a few days after they were mailed. He did not, however, request a hearing until October 2001 at the earliest. Upon finding claimant's request for a hearing untimely, the Administrative Law Judge upheld the initial determinations. The Unemployment Insurance Appeal Board affirmed this decision, resulting in this appeal.

We affirm. Claimant was required to make his request for a hearing within 30 days of the date of the mailing of the notices of determination (see Labor Law § 620 [1] [a]; Matter of Brown [Commissioner of Labor], 4 AD3d 604 [2004]) and he failed to do so. He was apprised of this requirement by information provided in the notices of determination, at least one version of which was written in his native language. Although he stated that he was "disoriented" and did not understand how to request a hearing, he did not suffer a physical condition or mental incapacity rendering him unable to comply with the statutory requirement nor did he offer a reasonable excuse for his omission (see Matter of Tobar [Commissioner of Labor], 308 AD2d 651 [2003]; Matter of McKinley [Commissioner of Labor], 307 AD2d 506 [2003]). Therefore, we find no reason to disturb the Board's decision.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.