■ In the Matter of the Claim of GLENN J. JARRETT, Appellant. COMMISSIONER OF LABOR, Respondent. [787 NYS2d 448]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 5, 2003, which ruled that claimant's request for a hearing was untimely.

By notice of determination mailed July 1, 2003, claimant was disqualified from receiving unemployment insurance benefits on the ground that his employment was terminated due to misconduct. On August 5, 2003, he requested a hearing. Upon finding that claimant's request for a hearing was untimely, an Administrative Law Judge upheld the initial determination. The Unemployment Insurance Appeal Board affirmed this decision, resulting in this appeal.

Initially, we note that, pursuant to Labor Law § 620 (1) (a), a party dissatisfied with an initial determination has a right to a hearing, provided such request is made within 30 days of the date the initial determination was mailed (*see Matter of Brown [Commissioner of Labor]*, 4 AD3d 604 [2004]; *Matter of Tobar [Commissioner of Labor]*, 308 AD2d 651 [2003]). Here, the initial determination was mailed on July 1, 2003 and received by claimant a few days thereafter, yet claimant admitted that he did not mail his request for a hearing until August 5, 2003 because he was seeking legal counsel regarding the strength of his case. Claimant's assertion that a representative from the Department of Labor informed him that he had until August 8, 2003 to request a hearing presented a credibility issue for the Board to resolve (*see Matter of Brown [Commissioner of Labor]*, *supra*). Inasmuch as claimant did not demonstrate that he suffered from a mental or physical incapacity that precluded him from making his request within the 30-day period (*see Matter of Diaz [Commissioner of Labor]*, 6 AD3d 1024 [2004]), we find no reason to disturb the Board's decision.

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.