■ In the Matter of the Claim of LARRY SHELL, Appellant. COMMISSIONER OF LABOR, Respondent. [791 NYS2d 734]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 9, 2004, which ruled that claimant's request for a hearing was untimely.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant failed to timely request a hearing challenging an October 15, 2003 initial determination ruling that he was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct. The record establishes that claimant received the decision shortly after it was mailed on October 15, 2003 and read the reverse side explaining that he had 30 days to request a hearing. Claimant nevertheless failed to request a hearing until March 19, 2004. Although claimant maintained that he participated in a 30-day in-patient treatment program and was not released until December 15, 2003, this does not excuse his delay in requesting a hearing prior thereto or explain the delay in requesting a hearing upon his release. Inasmuch as claimant did not present a valid excuse for failing to comply with the 30-day statutory period pursuant to Labor Law § 620 (1) (a) (*see Matter of Jarrett [Commissioner of Labor]*, 13 AD3d 965 [2004]), the decision will not be disturbed (*see Matter of Tobar [Commissioner of Labor]*, 308 AD2d 651 [2003]; *Matter of Dillard [Sweeney]*, 222 AD2d 924 [1995]).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.