■ In the Matter of the Claim of CLARET C. HEDO, Appellant. NEW YORK CITY DEPARTMENT OF PERSONNEL, Respondent; COMMISSIONER OF LABOR, Respondent. [797 NYS2d 648]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 4, 2004, which ruled that claimant's request for a hearing was untimely.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant failed to timely request a hearing challenging the August 14, 2002 initial determination ruling that she was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause. The record establishes that claimant received the decision shortly after it was mailed on August 14, 2002, which clearly explained on the reverse side that she had 30 days in which to request a hearing. Claimant nevertheless failed to request a hearing until February 2003.

Pursuant to Labor Law § 620 (1) (a), absent evidence of any physical condition or mental incapacity preventing a timely hearing request, a party dissatisfied with the initial determination has 30 days from the date of the initial decision in which to request a hearing. Although claimant maintains that she mailed a letter objecting to the initial determination within the 30-day period, this contradicts the February 2003 hearing request wherein claimant stated that she had failed to ask for a hearing sooner because she was hoping to be reinstated to her employment position. This conflicting testimony presented a credibility issue for the Board to resolve (*see Matter of Schwartz [Durhon Oldham Natl. Income Life—Commissioner of Labor]*, 17 AD3d 903 [2005]; *Matter of Brown [Commissioner of Labor]*, 4 AD3d 604 [2004]). Inasmuch as claimant failed to provide a reasonable excuse for her delay in requesting a hearing (*see* Labor Law § 620 [1] [a]), the Board's decision will not be disturbed (*see Matter of Tobar [Commissioner of Labor]*, 308 AD2d 651, 651-652 [2003]; *Matter of Mostafa [Commissioner of Labor]*, 265 AD2d 793 [1999]).

To the extent that claimant attempts to submit a letter supporting her request that a hearing was timely, such letter was not introduced at the hearing or made part of the record and, therefore, will not be considered (*see Matter of Velez [Commis-*

sioner of Labor], 285 AD2d 882, 883 [2001]). In view of the foregoing, the merits of the determination denying her application for unemployment insurance benefits are not properly before this Court.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.