■ In the Matter of the Claim of ALAN G. HENRY, Appellant. COMMISSIONER OF LABOR, Respondent. [798 NYS2d 206]—

---

* There is no evidence in the record that plaintiff has any more education than defendant.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 22, 2004, which, upon reconsideration, adhered to its prior decision ruling that claimant's request for a hearing was untimely.

On January 27, 2000, the Department of Labor mailed notices of determination to claimant, finding him ineligible to receive unemployment insurance benefits between November 9, 1998 and December 6, 1998 on the basis that he was not totally unemployed, charging him with a recoverable overpayment and reducing his right to receive future benefits on the basis that he made willful misrepresentations. Claimant did not receive these notices at the time they were mailed because he was living in a homeless shelter. He did, however, receive them on March 28, 2001 when they were forwarded to his new apartment. Despite information on the notices indicating that he had 30 days to request a hearing, he did not request one until September 15, 2003, over two years later. The Commissioner of Labor objected to claimant's request for a hearing as untimely. The Unemployment Insurance Appeal Board ultimately sustained the timeliness objection and upheld the findings made in the notices of determination. It adhered to this decision upon reconsideration. Claimant appeals.

We affirm. It is undisputed that claimant did not request a hearing within the 30-day statutory period (*see* Labor Law § 620 [1] [a]). He stated that he waited to make this request until he was more financially stable. Inasmuch as claimant failed to present a reasonable excuse for his delay in requesting a hearing, we find no reason to disturb the Board's decision (*see Matter of Shell [Commissioner of Labor]*, 16 AD3d 940 [2005]; *Matter of Tobar [Commissioner of Labor]*, 308 AD2d 651 [2003]).

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.