■ In the Matter of the Claim of DAVID P. WALKER, Appellant. COMMISSIONER OF LABOR, Respondent. [803 NYS2d 284]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 19, 2004, which ruled that claimant's request for a hearing was untimely.

By notice of determination dated January 22, 2004, the Department of Labor found claimant ineligible to receive unemployment insurance benefits for the period November 3, 2003 through November 23, 2003 because he did not comply with registration requirements. The reverse side of the notice advised claimant that a request for a hearing must be made within 30 days of the date of the mailing of the notice. Claimant, however, waited until March 20, 2004 to request a hearing and it was not received by the Department until March 26, 2004. As a result, the Administrative Law Judge found the request untimely and the Unemployment Insurance Appeal Board upheld this decision. This appeal ensued.

We affirm. Labor Law § 620 (1) (a) provides that a claimant aggrieved by a notice of determination has 30 days from the date of the mailing of such notice to request a hearing, unless the claimant suffers from a physical or mental condition preventing a timely request, in which case the period may be extended (see Matter of Hedo [New York City Dept. of Personnel Commissioner of Labor], 19 AD3d 985, 985 [2005]). Here, claimant testified that he did not receive the notice until he returned from a business trip the weekend of February 21, 2004. Notwithstanding the proviso on the back of the notice, he did not immediately request a hearing, but waited nearly 30 days thereafter. Inasmuch as claimant did not present a valid excuse for failing to comply with the 30-day requirement (see Matter of Shell [Commissioner of Labor], 16 AD3d 940 [2005]) and did not demonstrate that a physical or mental incapacity prevented him from doing so (see Matter of Jarrett [Commissioner of Labor], 13 AD3d 965 [2004]), we find no reason to disturb the Board's decision.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.