■ In the Matter of the Claim of RUSSELL J. PELLI, Appellant. COMMISSIONER OF LABOR, Respondent. [825 NYS2d 315]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 5, 2005, which ruled that claimant's request for a hearing was untimely.

On March 26, 2003, the Department of Labor issued initial determinations denying claimant's application for unemployment insurance benefits, however, he did not request a hearing until September 20, 2004. The Commissioner of Labor objected on the ground that the hearing was not requested in a timely manner in accordance with Labor Law § 620 (1) (a). In response, claimant asserted that he was not mentally capable of filing an appeal within the 30-day time period. Following a hearing on this issue, the Unemployment Insurance Appeal Board rejected claimant's defense and ruled that his request for a hearing was untimely, prompting this appeal.

"Pursuant to Labor Law § 620 (1) (a), absent evidence of any physical condition or mental incapacity preventing a timely hearing request, a party dissatisfied with the initial determination has 30 days from the date of the initial decision in which to request a hearing" (*Matter of Hedo [New York City Dept. of Personnel—Commissioner of Labor]*, 19 AD3d 985, 985 [2005]; *see Matter of Walker [Commissioner of Labor]*, 23 AD3d 752, 753 [2005]). Here, although claimant submitted medical documentation and a physician's statement indicating that he suffered from certain psychological problems around the time that he filed for unemployment insurance benefits, such proof does not establish that he was mentally incapacitated to such a degree that he could not file a timely appeal. Therefore, we find no reason to disturb the Board's decision.

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.