■ In the Matter of the Claim of BRIDGET L. BRIGGS, Appellant. COMMISSIONER OF LABOR, Respondent. [861 NYS2d 159]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 19, 2007, which ruled that claimant's request for a hearing was untimely.

By notice of determination mailed December 5, 2006, claimant was disqualified from receiving unemployment insurance benefits upon the ground that her employment was terminated due to misconduct. On January 5, 2007, claimant requested a

hearing. An Administrative Law Judge ruled that claimant's request for the hearing was untimely and the Unemployment Insurance Appeal Board affirmed. This appeal by claimant ensued.

We affirm. "Pursuant to Labor Law § 620 (1) (a), a claimant must request a hearing within 30 days of the date of the mailing of the initial determination" (*Matter of Dada [Commissioner of Labor]*, 41 AD3d 1079, 1080 [2007]; *see Matter of Jarrett [Commissioner of Labor]*, 13 AD3d 965 [2004]; *Matter of Diaz [Commissioner of Labor]*, 6 AD3d 1024 [2004]). Here, the notice of determination was mailed to claimant on December 5, 2006, and claimant admitted receiving the notice shortly thereafter. Although claimant argues that her request for a hearing was late by only one day, this Court has held that a request for a hearing made on the 31st day after the mailing of the notice of determination is untimely (*see Matter of Ahmed [Commissioner of Labor]*, 294 AD2d 747 [2002]). Inasmuch as claimant failed to demonstrate that she suffered from a mental or physical incapacity that precluded her from requesting a hearing within the 30-day period, we find no reason to disturb the Board's decision (*see Matter of Dada [Commissioner of Labor]*, 41 AD3d at 1080; *Matter of Jarrett [Commissioner of Labor]*, 13 AD3d at 965; *Matter of Diaz [Commissioner of Labor]*, 6 AD3d at 1024).

Mercure, J.P., Spain, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.