Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 7, 2009, which ruled that claimant’s request for a hearing was untimely.
The Department of Labor issued a notice of determination dated October 9, 2008 disqualifying claimant from receiving unemployment insurance benefits on the ground that he lost his employment due to misconduct. Claimant responded by letter dated November 23, 2008 protesting the notice of determination. Following a hearing, an Administrative Law Judge sustained the Commissioner of Labor’s timeliness objection, and that decision was upheld by the Unemployment Insurance Appeal Board. Claimant appeals.
We affirm. “Labor Law § 620 (1) (a) provides that a claimant aggrieved by a notice of determination has 30 days from the date of the mailing of such notice to request a hearing, unless the claimant suffers from a physical or mental condition preventing a timely request, in which case the period may be extended” (Matter of Walker [Commissioner of Labor], 23 AD3d 752, 753 [2005] [citation omitted]; see Matter of Pelli [Commis *1160 sioner of Labor], 35 AD3d 930 [2006]). Here, it is undisputed that claimant did not request a hearing within the requisite 30-day period despite the instructions on the back of the notice of determination. While he offered a variety of excuses for his omission, including that he was out of the country, suffered from high blood pressure and was experiencing financial difficulties, claimant failed to submit compelling proof demonstrating that he suffered from a physical or mental condition that prevented him from complying with the statute. Accordingly, the Board properly concluded that the hearing request was untimely, and the merits of his disqualification are not properly before this Court (see Matter of McCarthy [Commissioner of Labor], 39 AD3d 993, 993-994 [2007]).
Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.