■ In the Matter of the Claim of HECTOR A. VELEZ, Appellant. COMMISSIONER OF LABOR, Respondent. [727 NYS2d 362] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 18, 2000, which ruled that claimant's request for a hearing was untimely.

By initial determination dated and mailed July 18, 2000, claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct. Claimant admitted that he received the determination shortly after it was mailed but he did not request a hearing until August 25, 2000. Although claimant contends that he did not request a hearing because he was confused due to another scheduled hearing pertaining to a claim involving a different employer, he admitted to reading the reverse side of the notice of determination which provided clear instruction that a hearing request must be made within 30 days. Inasmuch as claimant did not provide a reasonable excuse for failing to request a hearing within the 30-day statutory time period provided by Labor Law § 620 (1) (a), we find no reason to disturb the decision of the Unemployment Insurance Appeal Board that claimant's request for a hearing was untimely (*see, Matter of Renzo [Commissioner of Labor]*, 279 AD2d 690). To the extent that claimant attempts to introduce Express Mail receipts to support his contention that his hearing request was timely, we note that not only did claimant admit he mailed his hearing request late, but such receipts were not introduced at the hearing.

Mercure, J. P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.