■ In the Matter of the Claim of HARRY Y. BUREY, Appellant. COMMISSIONER OF LABOR, Respondent. [778 NYS2d 322]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 21, 2003, which dismissed claimant's appeal from a decision of the Administrative Law Judge as untimely.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant failed to timely appeal the October 31, 2002 decision of the Administrative Law Judge which found that claimant was disqualified from receiving unemployment insurance benefits due to misconduct. The record establishes that claimant received the Administrative Law Judge's decision shortly after it was mailed on October 31, 2002 and read the reverse side explaining that he had 20 days in which to appeal the decision. Claimant nevertheless

failed to appeal the decision until December 3, 2002. Having failed to comply with the 20-day statutory time period set forth in Labor Law § 621 (1), we find no reason to disturb the Board's decision dismissing the appeal as untimely (*see Matter of Werekoh [Commissioner of Labor]*, 4 AD3d 724 [2004]; *Matter of Brightman [Commissioner of Labor]*, 3 AD3d 780 [2004]). Although claimant maintained that he faxed a request for an appeal in a timely manner, he failed to offer any evidence to substantiate his claim. Nor was the fax referenced in the subsequent letter sent to the Board. Furthermore, claimant's assertion that he was relying on his attorney to file a timely appeal does not excuse his untimely request for a hearing (*see Matter of Hy [Majerowski—Commissioner of Labor]*, 278 AD2d 781 [2000]; *Matter of Semiletov [Commissioner of Labor]*, 253 AD2d 931 [1998]), particularly given his failure to even attempt to contact his attorney. Finally, the underlying merits of the October 31, 2002 decision are not properly before this Court (*see Matter of Werekoh [Commissioner of Labor], supra*; *Matter of Brightman [Commissioner of Labor], supra*).

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.