In the Matter of the Claim of LAWRENCE B. BOBIAN, Appellant. SOUND SHORE MEDICAL CENTER OF WESTCHESTER, Respondent; COMMISSIONER OF LABOR, Respondent. [785 NYS2d 355]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 26, 2004, which ruled that claimant's request for a hearing was untimely.

By initial determination dated November 18, 2003, claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to disqualifying misconduct. Claimant admitted receiving the determination shortly after it was mailed, but his request for a hearing was not received until December 31, 2003, which is beyond the 30-day limitations period (see Labor Law § 620 [1]). Although claimant failed to include sufficient postage on his initial attempt to request a hearing and was thereafter away from his home for 11 days, we find no reason to disturb the decision of the Unemployment Insurance Appeal Board finding that claimant failed to establish any valid reason excusing his untimely request for a hearing (see Matter of Kearns [Commissioner of Labor], 296 AD2d 761 [2002]; Matter of Velez [Commissioner of Labor], 285 AD2d 882, 883 [2001]). In view of the foregoing, the merits of the initial determination denying his request for unemployment insurance benefits are not properly before this Court (see Matter of McKinley [Commissioner of Labor], 307 AD2d 506 [2003]).

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.