■ In the Matter of the Claim of JENNIFER P. WILNER, Appellant. COMMISSIONER OF LABOR, Respondent. [810 NYS2d 563]—

Appeal from a decision of the Unemployment Insurance Ap-

peal Board, filed November 26, 2004, which ruled that claimant's request for a hearing was untimely.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant failed to timely request a hearing challenging the March 25, 2004 initial determinations ruling that she was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause and assessing a recoverable overpayment of benefits upon a finding that claimant made willful false statements for the purpose of obtaining benefits. Claimant admitted to receiving all three determinations shortly after they were mailed on March 25, 2004, but claims that she misread them and failed to realize that the overpayment of benefits was recoverable. It was not until July 2004, after receiving an overdue benefit repayment notice, that claimant requested a hearing. Notwithstanding claimant's proffered excuse, we find no reason to disturb the Board's decision that claimant failed to offer a valid reason for not complying with the 30-day statutory period in which to request a hearing (*see* Labor Law § 620 [1] [a]; *see also Matter of Diaz [Commissioner of Labor]*, 6 AD3d 1024 [2004]; *Matter of Velez [Commissioner of Labor]*, 285 AD2d 882, 883 [2001]). Accordingly, claimant's attempt to argue the merits of the initial determinations are not properly before this Court.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.