■ In the Matter of the Claim of MARIA M. ALMONTE, Appellant. COMMISSIONER OF LABOR, Respondent. [882 NYS2d 924]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 22, 2008, which ruled that claimant's request for a hearing was untimely.

Claimant was discharged from her position as a housekeeper in a hotel on February 4, 2008 and applied for unemployment insurance benefits. The Department of Labor mailed an initial determination denying her claim on March 3, 2008. Although

the reverse side of the initial determination advised claimant that a request for a hearing had to be made within 30 days of the date that determination was mailed, claimant did not request a hearing until June 5, 2008. The Commissioner of Labor's objection to the timeliness of claimant's hearing request was sustained by the Unemployment Insurance Appeal Board, prompting this appeal.

We affirm. A request for a hearing must be made within 30 days after the mailing of the initial determination (see Labor Law § 620 [1] [a]; Matter of Baird [Commissioner of Labor], 54 AD3d 466, 467 [2008]). Claimant's assertion that she was relying on her legal representation to timely request a hearing does not excuse her failure to do so, particularly given her alleged status as a paralegal who, despite an awareness of the applicable 30-day time period for requesting a hearing, admittedly scheduled an initial appointment for legal assistance on April 4, 2008, more than 30 days after the initial determination had been mailed (see Matter of Burey [Commissioner of Labor], 8 AD3d 871, 872 [2004]; see generally Matter of Wilner [Commissioner of Labor], 27 AD3d 860, 861 [2006]; Matter of Bryant [Commissioner of Labor], 24 AD3d 942, 943 [2005]). Accordingly, we find no basis on which to disturb the Board's decision.

Cardona, P.J., Peters, Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.