Matter of Levy (Commissioner of Labor)
2026 NY Slip Op 03865
June 18, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Claim of Brian Levy, Appellant. Commissioner of Labor, Respondent.

Decided and Entered:June 18, 2026
CV-25-1795
Calendar Date: May 22, 2026
Before: Garry, P.J., Aarons, Reynolds Fitzgerald, Powers And Cocoran, JJ.

Brian Levy, New Preston, Connecticut, appellant pro se.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

[*1]
Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 13, 2025, which dismissed claimant's appeal from a decision of an Administrative Law Judge as untimely.
By initial decision filed in April 2021, claimant was informed by the Department of Labor that he had received duplicate payments of Federal Pandemic Unemployment Compensation in connection with his claim for unemployment insurance benefits and that such benefits must be repaid. Three years later in April 2024, claimant requested a hearing to challenge that initial determination. Following a hearing, an Administrative Law Judge (hereinafter ALJ), in a decision filed August 16, 2024, sustained the initial determination charging claimant with a recoverable overpayment of benefits. On April 14, 2025, eight months after the ALJ's decision, claimant submitted a request for a hearing, asserting that he had appealed once before but did not receive a response. By decision filed May 13, 2025, the Unemployment Insurance Appeal Board dismissed the appeal as untimely. Claimant appeals.
We affirm. "Labor Law § 621 (1) provides that an appeal to the Board from a decision of an ALJ must be made within 20 days of the mailing or personal delivery of the decision, and this time requirement is strictly construed" (Matter of Tracy [Commissioner of Labor], 224 AD3d 1058, 1059 [3d Dept 2024] [internal quotation marks and citations omitted]; accord Matter of Watts [Commissioner of Labor], 179 AD3d 1379, 1379 [3d Dept 2020]). Claimant did not appeal to the Board within the statutorily prescribed time period, and his bare assertion regarding his purported mailing of a previous request for review by the Board is insufficient to establish reasonable cause for the delay (see Matter of Burey [Commissioner of Labor], 8 AD3d 871, 872 [3d Dept 2004]; see also Matter of Uwaezuoke [Commissioner of Labor], 57 AD3d 1193, 1193-1194 [3d Dept 2008]). Notably, the affidavit attesting to service by first class mail now proffered by claimant upon appeal to this Court was not submitted to the Board. As such, we find no reason to disturb the Board's decision dismissing claimant's appeal as untimely (see Matter of Tracy [Commissioner of Labor], 224 AD3d at 1059; Matter of Uwaezuoke [Commissioner of Labor], 57 AD3d at 1193-1194; Matter of Burey [Commissioner of Labor], 8 AD3d at 872). To the extent not specifically addressed, claimant's remaining contentions are without merit.
Garry, P.J., Aarons, Reynolds Fitzgerald, Powers and Corcoran, JJ., concur.
ORDERED that the decision is affirmed, without costs.