■ In the Matter of the Claim of NICOLA ROSANO, Respondent. STEINWAY & SONS, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 7, 1975, which, upon reopening and reconsideration of the case on the board's own motion, rescinded the decision of the board dated January 29, 1975 and adopted the decision of the referee overruling the initial determination disqualifying claimant from receiving benefits. The Industrial Commissioner initially determined that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause. On October 3, 1974 an evidentiary hearing was held at which the employer failed to appear. At the employer's request, another hearing was held after which the referee rendered a decision overruling the initial determination. On appeal to the appeal board, without the taking of further testimony, the referee's decision was reversed. Thereafter, pursuant to section 534 of the Labor Law, the appeal board reopened and reconsidered the case, and reinstated the referee's decision. The appellant employer first contends that there is a constitutional infirmity in the decision-making process of the appeal board, in that neither decision in this case was

considered by a majority of the five-member board panel and that the decision upon reopening was made by different members than had made the first decision. It may be that the administrative procedure followed by the Unemployment Insurance Appeal Board is somewhat unusual but we see no violation of any constitutional requirement. It is irrelevant to cite statutory or common-law rules for the determination of a quorum, as the appellant does, for the applicable statute in this case clearly provides that a decision of the appeal board may be made by a single member thereof (Labor Law, § 534). While appellant does not specifically object to the practice of a two-member board panel as was employed in the present case, we would note that since such a procedure goes beyond the minimum requirements mandated by the Legislature, there would seem to be no valid objection to such procedure. Appellant also alleges a denial of due process in that the board, in its second decision, failed to set forth reasons therefor. We disagree. The board has stated that it has adopted the reasoning of the referee, which in our view is more than adequate to satisfy statutory requirements. Appellant's final contention is that the decision under review is not supported by substantial evidence. We again disagree, and upon a reading of the record in its entirety we are of the view that questions of credibility here presented were properly within the province of the trier of the facts. Decision affirmed, with costs to claimant. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.