■ In the Matter of the Claim of WALTER R. POKIGO, Respondent. SUPERIOR SALES & SALVAGE, INC., Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 4, 1988, which found Superior Sales & Salvage, Inc. liable for unemployment insurance contributions on remuneration paid to claimant as its employee and to any other persons similarly employed.

Superior Sales & Salvage, Inc. appeals from a decision of the Unemployment Insurance Appeal Board which, *inter alia,* sustained a decision of the Administrative Law Judge (hereinafter ALJ) finding claimant to be an employee of Superior during the six-week period in question. The evidence at the hearing demonstrates that claimant was hired as a helper to a skilled artisan who was hired by Superior to renovate and restore a grain elevator in Buffalo. Superior's main argument on appeal from the Board's decision is that claimant was actually an independent contractor rather than its employee and, therefore, it should not be held liable for unemployment insurance contributions.

Determining whether a person's status is that of an employee or independent contractor is a factual question for the Board which must be upheld if supported by substantial evidence *(see, e.g., Matter of Rivera [State Line Delivery Serv. —Roberts],* 69 NY2d 679, 682, *cert denied* 481 US 1049; *Matter of Concourse Ophthalmology Assocs. [Roberts],* 60 NY2d 734). Here, while Superior points to several factors which it argues leads to the conclusion that claimant was an independent contractor, substantial evidence in the record supports the decision finding claimant's status to be that of an employee. Contrary to Superior's argument, evidence on the record established that Superior exercised substantial direction and control over claimant's work and the methods used to produce that work *(see, Matter of 12 Cornelia St. [Ross],* 56 NY2d 895; *Matter of Stat Servs. [Hartnett],* 148 AD2d 903). Superior's sales manager clearly monitored claimant's performance and had to be satisfied that the work performed by claimant was done correctly. Claimant's time sheets delivered to Superior were required to correctly state the hours claimant worked and the work done. There were instances when Superior's sales manager pulled claimant off the job to perform other services for the company. Since the Board's decision is supported by substantial evidence, we may not disturb it.

Turning to claimant's remaining arguments, we find no abuse of discretion in the Board's decision to deny Superior's request for a rehearing to present further evidence as to claimant's alleged status *(see,* Labor Law § 621 [3]; *Matter of Capital Hill Reporting [Ross],* 64 AD2d 778). The three-day hearing in this case held before the ALJ produced voluminous testimony and evidence on the claim. Therefore, it cannot be said that Superior lacked an opportunity to sufficiently present its evidence or that the denial of its request by the Board was an abuse of discretion. We also reject Superior's contention that it was error for a panel of two Board members to consider claimant's appeal rather than having it heard before a full panel of the Board. Pursuant to Labor Law § 534, a decision of the Board may be made by a single member thereof *(see, Matter of Williams [Forbes Realty Corp.—Ross],* 73 AD2d 784; *Matter of Rosano [Steinway & Sons—Ross],* 54 AD2d 800). Since the decision in the case was unanimous, the Board's regulations cited by Superior concerning dissenting Board members *(see,* 12 NYCRR 464.1 [a]) do not apply.

Finally, we note that the portion of the Board's decision which modified the ALJ's determination to the extent of deleting a phrase the Board found to be erroneous, either

because it was a typographical or substantive error, was well within the Board's power to make its own findings of fact (Labor Law § 623) or modify any decision appealed to it (Labor Law § 621 [3]). Since the phrase at issue was clearly not supported by the record, the Board correctly declined to adopt it in its decision.

Decision affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.