■ In the Matter of the Claim of BRENDA A. PALMER, Appellant. COMMISSIONER OF LABOR, Respondent. [672 NYS2d 529] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 8, 1997, which ruled that claimant's application for a hearing was untimely.

Claimant received respondent's notice of determination, dated and mailed October 3, 1996, informing her of her ineligibility to receive additional benefits under Labor Law § 599. Although she spoke to the local office on a number of occasions by telephone in response to the notice, claimant did not request a review hearing before an Administrative Law Judge until March 3, 1997, over four months beyond the 30-day limitations period within which she was required by statute to make such a request (see, Labor Law § 620 [1] [a]). There is no evidence that this delay was the result of any "physical condition or mental incapacity" on claimant's part (Labor Law § 620 [1] [a]; see, Matter of Gomez [Sweeney], 219 AD2d 767) nor has she offered any other valid excuse for the delay in filing (see, Matter of Ascenzo [Sweeney], 216 AD2d 659, 660). We conclude that the determination of untimeliness by the Unemployment Insurance Appeal Board should not be disturbed (see, Matter of Rounds [Sweeney], 220 AD2d 921, lv denied 87 NY2d 811).

Mercure, J. P., Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of ALLAN STERN, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [672 NYS2d 265] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

The Attorney-General has advised this court that the determination under review has been administratively reversed and all references thereto have been expunged from petitioner's records. As petitioner has received all the relief to which he is entitled, the matter is dismissed as moot (see, Matter of Martin v Henderson, 159 AD2d 867). Furthermore, notwithstanding petitioner's request, we decline to award costs against respondents.

Cardona, P. J., Mercure, Crew III, Carpinello and Graffeo, JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.