■ In the Matter of the Claim of GRAYSAN FRUSCELLA, Appellant. COMMISSIONER OF LABOR, Respondent. [690 NYS2d 166] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 3, 1998, which, upon reconsideration, adhered to its prior decision ruling that claimant's request for a hearing was untimely.

By initial decision dated September 23, 1997, claimant was notified that she was disqualified from receiving unemployment insurance benefits because she lost her employment through misconduct and was charged with a recoverable overpayment. Claimant admitted receiving this notice shortly thereafter and reading the statement therein advising her of her right to request a hearing within 30 days from the date of the notice (*see*, Labor Law § 620 [1] [a]). Although claimant testified that she immediately wrote a letter requesting a hearing upon receipt of this notice, the Commissioner of Labor did not receive such a letter from claimant until after December 15, 1997. Notably, the body of the letter was written in blue ink and listed the date in that same ink as October 5, 1997. However, the October date was crossed off in black ink with the date of December 15, 1997 written over it. This letter also contained a postscript written in black ink. While claimant testified that this letter was actually the second request for a hearing that she had sent, the Unemployment Insurance Appeal Board chose not to credit this testimony and instead found that claimant had written a hearing request in October 1997

but chose not to mail it until December 1997. Given the Board's authority to resolve all credibility issues (*see, Matter of Dunleavy [Hartnett]*, 180 AD2d 861, 862) and claimant's acknowledgment that she was physically and mentally capable of timely requesting a hearing (*see, Matter of Palmer [Commissioner of Labor]*, 250 AD2d 914), we conclude that the ruling of untimeliness by the Board need not be disturbed (*see, id.*).

Mercure, J. P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.