■ In the Matter of the Claim of LYNN S. JOWERS, Appellant. COMMISSIONER OF LABOR, Respondent. [743 NYS2d 210] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 22, 2001, which ruled that claimant's application for a hearing was untimely.

Claimant was employed as a Youth Division Aide in a State residential facility for felony offenders under the age of 18. In September 1995, he was discharged from this position after an investigation disclosed that he had given a scalpel blade to a facility resident. He nonetheless remained on the employer's payroll receiving regular paychecks until October 24, 1995, when his accrued leave time was exhausted.

Claimant's first application for unemployment insurance benefits was denied by the local unemployment insurance office on October 19, 1995, on the ground that he was not totally unemployed during the time period when he continued to be paid by the employer. In its second decision, dated May 1, 1996, the local unemployment insurance office ruled that claimant was disqualified from receiving benefits because he had lost his employment due to misconduct.

Claimant made a timely application for an administrative review of the first decision wherein he was found ineligible for benefits because he was not totally unemployed. This decision was ultimately upheld by the Unemployment Insurance Appeal Board and affirmed by this Court in a decision dated May 1, 1997 (*Matter of Jowers [Sweeney]*, 239 AD2d 638). Claimant's request for administrative review of the second decision, dated May 1, 1996, which ruled that he was disqualified from receiving benefits because he lost his employment due to misconduct, was not made until almost five years thereafter, on February 21, 2001. The Board ultimately ruled that claimant's request for administrative review of the second decision was untimely, having been made long after the expiration of the 30-day limitations period set forth in Labor Law § 620 (1) (a). In the absence of any excuse that might justify an extension of the deadline, e.g., a disabling "physical condition or mental incapacity" (Labor Law § 620 [1] [a]) or any other valid excuse for the delay in filing (*see, Matter of Palmer [Commissioner of Labor]*, 250 AD2d 914; *Matter of Ascenzo [Sweeney]*, 216 AD2d 659), the decision of the local office was deemed final.

We affirm. It is uncontested that claimant received the no-

tice of a second decision from the local unemployment insurance office and that he read the information on the back of the form explaining how and when he could apply for a review hearing. Claimant was apparently confused between the two adverse decisions at issue here as well as by his filing of a third proceeding involving his claim for benefits from a different employer. This confusion, however, cannot excuse his failure to comply with the timeliness requirements of Labor Law § 620 (1) (a) (*see, Matter of Palmer [Commissioner of Labor]*, *supra*). As claimant's application for administrative review was untimely, the Board did not have the authority to review the second decision of the local office (*see, Matter of Samaniego [Park Personnel—Sweeney]*, 235 AD2d 887). Hence, the Board's decision declining to review the matter because claimant's application was untimely will not be disturbed.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.