■ In the Matter of BECK SCHWARTZ, Respondent. DURHON OLDHAM NATIONAL INCOME LIFE, Appellant; COMMISSIONER OF LABOR, Respondent. [793 NYS2d 610]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 8, 2004, which, inter alia, ruled that Durhon Oldham National Income Life's request for a hearing was untimely.

On July 3, 2003, the Department of Labor issued an initial determination assessing Durhon Oldham National Income Life (hereinafter the employer) for unemployment insurance contributions attributable to remuneration paid to certain insurance agents. On September 16, 2003, the employer's counsel advised the Department that the employer did not receive the initial determination until September 11, 2003 and requested an extension of time to respond. On October 1, 2003, the employer's counsel requested a hearing on the matter. The Commissioner of Labor objected on the ground that the request for a hearing was not made in a timely manner. Following further proceedings, an Administrative Law Judge (hereinafter ALJ), among other things, sustained the Commissioner's timeliness objection and upheld the initial determination. The Unemployment Insurance Appeal Board affirmed the ALJ's decision with respect to timeliness and this appeal by the employer ensued.

Pursuant to Labor Law § 620 (1) (a), an employer has "thirty days after the mailing or personal delivery of notice" of an initial determination to request a hearing before an ALJ. Here, the employer failed to make its request within the statutory time period, but claims to have not received the initial determination until after that time period expired. The Department,

however, adduced evidence that the initial determination, together with the necessary reporting forms, were mailed to the employer on July 3, 2003 according to standard protocol and were not returned as undeliverable by postal authorities. The conflicting testimony of the employer's principal presented an issue of credibility for the Board to resolve (*see Matter of Brown [Commissioner of Labor]*, 4 AD3d 604 [2004]; *Matter of Fruscella [Commissioner of Labor]*, 261 AD2d 686, 687 [1999]). Inasmuch as the employer's request was not made within the statutory 30-day period, the Board's ruling with respect to timeliness need not be disturbed (*see Matter of Brown [Commissioner of Labor], supra*; *Matter of McGee [Commissioner of Labor]*, 256 AD2d 710 [1998], *lv denied* 93 NY2d 803 [1999]). In view of our disposition, we need not address the employer's remaining claim.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.