■ In the Matter of the Claim of CHARLES PALMATIER, Appellant. COMMISSIONER OF LABOR, Respondent. [879 NYS2d 734]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 20, 2007, which dismissed claimant's appeal from a decision of the Administrative Law Judge as untimely.

Following a hearing, an Administrative Law Judge (hereinafter ALJ) issued a determination in June 2007 finding, among other things, that claimant was ineligible to receive unemployment insurance benefits on the basis that he was not totally unemployed and that he had willfully made a false statement to obtain benefits. Thereafter, claimant sent a letter to the Unemployment Insurance Appeal Board, dated October 22, 2007, appealing that determination. The Board dismissed the appeal as untimely and claimant now appeals.

We affirm. Pursuant to Labor Law § 621 (1), an appeal to the Board from a decision of an ALJ must be made within 20 days of the date the decision is mailed or personally delivered to the claimant, and this time limit is strictly construed (*see Matter of Pascarella [New York State Thruway Auth.—Commissioner of Labor]*, 59 AD3d 835, 835-836 [2009]; *Matter of Uwaezuoke [Commissioner of Labor]*, 57 AD3d 1193, 1193-1194 [2008]). Here, the record demonstrates that the decision of the ALJ was mailed to claimant on June 14, 2007. Although claimant admitted receiving the decision shortly thereafter, he claims that he did not submit a request for an appeal until October 2007 because he was suffering from depression. We find that, under these circumstances, claimant failed to proffer a reasonable excuse for his failure to appeal the decision within the statutorily prescribed time period and, therefore, find no reason to disturb the Board's decision dismissing the appeal as untimely (*see Matter of Fattakhov [Commissioner of Labor]*, 55 AD3d 1205, 1205-1206 [2008]; *Matter of Chadwick [Commissioner of Labor]*, 29 AD3d 1256, 1256-1257 [2006]).

We also find without merit claimant's contention that the decision was improperly rendered by only one member of the Board, as this practice is specifically permitted pursuant to Labor Law § 534 (*see Matter of Pokigo [Superior Sales & Salvage—Hartnett]*, 156 AD2d 855, 856 [1989]; *Matter of Rosano [Steinway & Sons—Ross]*, 54 AD2d 800, 800-801 [1976], *lv denied* 41 NY2d 802 [1977]).

We have considered claimant's remaining contentions and find them to be without merit.

Cardona, P.J., Peters, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.