■ In the Matter of ELEANOR BOLDEN, Appellant. COMMISSIONER OF LABOR, Respondent. [884 NYS2d 280]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 15, 2008, which dismissed claimant's appeal from a decision of the Administrative Law Judge (hereinafter ALJ) as untimely.

In an initial determination issued by the Department of Labor, claimant was denied unemployment insurance benefits upon a determination that she had voluntarily separated from her employment without good cause. Claimant failed to appear at a scheduled hearing in January 2008 and the denial of benefits was consequently sustained by an ALJ. In March 2008, claimant's application to reopen was denied by an ALJ, following a hearing. Subsequently, in June 2008, claimant appealed the March 2008 decision of the ALJ to the Unemployment Insurance Appeal Board and, following a hearing on the issue of the timeliness of the appeal, the Board concluded that claimant's appeal was untimely and that she failed to present good cause for the lateness of the appeal. Claimant now appeals.

We affirm. Pursuant to Labor Law § 621 (1), an appeal to the Board from an ALJ's decision must be made within 20 days of its mailing or personal delivery, and this time period is strictly construed (see Matter of Uwaezuoke [Commissioner of Labor], 57 AD3d 1193, 1193 [2008]; Matter of Bottex [Commissioner of Labor], 48 AD3d 855, 856 [2008]; Matter of Harris [Commissioner of Labor], 45 AD3d 1031, 1032 [2007]). Here, the ALJ's decision, which specifically advised claimant of the 20-day period in which an appeal must be taken and which she admitted to having read, was mailed in March 2008. Nonetheless, claimant failed to appeal the decision until June 2008, three months after the ALJ's decision was mailed. Although claimant explained that she had been confused with respect to the impact of the ALJ's March 2008 decision upon the merits of her claim and whether an appeal was necessary at that time, such confusion cannot excuse the failure to comply with the strict timeliness requirements of title eight of the unemployment insurance law (see Labor Law art 18; Matter of Jowers [Commissioner of Labor], 295 AD2d 734, 735 [2002], lv denied 98 NY2d 614

[2002]; *Matter of Velez [Commissioner of Labor]*, 285 AD2d 882, 883 [2001]). Accordingly, in light of claimant's failure to offer a reasonable excuse for her untimely appeal of the ALJ's decision, we find no reason to disturb the Board's decision and we need not address the merits of the underlying denial of claimant's request for benefits (*see Matter of Fattakhov [Commissioner of Labor]*, 55 AD3d 1205, 1206 [2008]).

Mercure, J.P., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.