■ In the Matter of the Claim of KEN N. AVERETT, Appellant. COMMISSIONER OF LABOR, Respondent. [885 NYS2d 439]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 6, 2009, which dismissed claimant's appeal from a decision of the Administrative Law Judge as untimely.

After claimant lost his job as a bus driver, the Department of Labor issued a determination ruling that he was disqualified from receiving unemployment insurance benefits because he was discharged for misconduct. At claimant's request, a hearing was conducted before an Administrative Law Judge (hereinafter ALJ) who issued a decision sustaining the Department of Labor's determination. Claimant appealed this decision and the Unemployment Insurance Appeal Board directed that a further hearing be held for the employer to produce additional evidence. The ALJ conducted another hearing and, by decision dated and mailed on April 29, 2008, again concluded that claimant lost his employment due to misconduct. Claimant waited until October 9, 2008 to appeal this decision, which he labeled as a request to reopen. The Board declined to consider the appeal because it was not timely filed in accordance with Labor Law § 621 (1). Claimant now appeals from the Board's decision.

We affirm. "Labor Law § 621 (1) requires that an appeal to the Board from an ALJ's decision must be made within 20 days of the date the decision is mailed or personally delivered . . . ,

and the statutory time limit is strictly construed" (*Matter of Pascarella [New York State Thruway Auth.—Commissioner of Labor]*, 59 AD3d 835, 835-836 [2009] [citations omitted]; *see Matter of Uwaezuoke [Commissioner of Labor]*, 57 AD3d 1193, 1193 [2008]). In the case at bar, claimant clearly did not comply with the 20-day statutory requirement, as he waited nearly six months to appeal the Board's decision and, thus, the Board properly dismissed his appeal. Claimant's characterization of the appeal as a request to reopen does not compel a contrary conclusion. Accordingly, we need not consider the underlying merits of his claim (*see Matter of Moorer [Commissioner of Labor]*, 40 AD3d 1335 [2007]).

Cardona, P.J., Rose, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.