■ In the Matter of Amanda L. Ortiz, Appellant. Jet Hardware Manufacturing, Inc., Respondent; Commissioner of Labor, Respondent. [894 NYS2d 223]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 8, 2009, which dismissed claimant's appeal from a decision of the Administrative Law Judge as untimely.

In an initial determination issued by the Department of Labor, claimant was found to be eligible to collect unemployment insurance benefits. The employer objected and, at the conclusion of a hearing at which claimant failed to appear, an Administrative Law Judge (hereinafter ALJ) determined that claimant was disqualified from receiving benefits. Following a hearing after claimant applied to reopen the case, the ALJ granted the application to reopen but ultimately sustained the determination disqualifying claimant from receiving benefits. More than four months after this decision was rendered, claimant filed her appeal in December 2008. A hearing was thereafter held on the issue of the timeliness of claimant's appeal before the Unemployment Insurance Appeal Board, which concluded that the appeal was untimely and that she failed to present a good cause for the lateness of the appeal. Claimant now appeals.

We affirm. "Labor Law § 621 (1) requires that an appeal to the Board from an ALJ's decision must be made within 20 days of the date the decision is mailed or personally delivered and the statutory time limit is strictly construed" (*Matter of Pascarella [New York State Thruway Auth.—Commissioner of Labor]*, 59 AD3d 835, 835 [2009] [citations omitted]; *accord Matter of Averett [Commissioner of Labor]*, 65 AD3d 1436, 1436-1437 [2009]). Here, the record demonstrates that the ALJ's decision, which specifically advised claimant of the 20-day period in which to bring an appeal, was mailed to claimant on August 4, 2008. Although claimant admitted receiving the decision shortly thereafter, she did not submit her request for an appeal until December 2008. While claimant explained that her delay in appealing was due to confusion as to the impact of the ALJ's decision and whether she needed to appeal, such confusion cannot excuse her failure to comply with the timeliness requirements of Labor Law § 621 (1) (*see Matter of Bolden [Commissioner of Labor]*, 65 AD3d 727, 727 [2009]; *Matter of Jowers [Commissioner of Labor]*, 295 AD2d 734, 734 [2002], *lv denied* 98 NY2d 614 [2002]). Furthermore, claimant failed to offer any evidence to substantiate her contention that, due to her confusion, she had made a telephone call to the Board and was incorrectly informed that the ALJ had, in fact, determined that she was eligible for benefits. Inasmuch as claimant failed to offer a reasonable excuse for her untimely appeal of the ALJ's decision, we discern no basis upon which to disturb the Board's decision

(*see Matter of Bolden [Commissioner of Labor]*, 65 AD3d at 728; *Matter of Uwaezuoke [Commissioner of Labor]*, 57 AD3d 1193, 1194 [2008]).

Cardona, P.J., Peters, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.