■ In the Matter of the Claim of HAROLD DAVIS, Appellant. COMMISSIONER OF LABOR, Respondent. [896 NYS2d 695]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 15, 2009, which dismissed claimant's appeal from a decision of an Administrative Law Judge as untimely.

By decision filed January 14, 2009, an Administrative Law Judge sustained the Commissioner of Labor's initial determination that claimant was disqualified from receiving unemployment insurance benefits, finding that he had voluntarily separated himself from employment without good cause. Although claimant received the decision shortly thereafter, he did not appeal the decision to the Unemployment Insurance Appeal Board until March 16, 2009. The Board dismissed the appeal as untimely and claimant now appeals.

We affirm. Labor Law § 621 (1) provides that an appeal from an Administrative Law Judge's decision must be filed with the Board within 20 days of its mailing or personal delivery, and this time period is strictly construed (*see Matter of Uwaezuoke [Commissioner of Labor]*, 57 AD3d 1193, 1193 [2008]). Here, it is undisputed that claimant failed to file his appeal within the statutory time period. Inasmuch as the record reflects that claimant did not offer any excuse or explanation for the delay to the Board, we cannot say that the Board improvidently dismissed the appeal as untimely (*see Matter of Bolden [Commissioner of Labor]*, 65 AD3d 727, 728 [2009]). Thus, claimant's contention, raised for the first time on appeal, that the delay was due to a ministerial error by his former attorney is not properly before us (*see generally Matter of Horvath [Residence Inn/Buffalo Lodging Assoc., L.L.C.—Commissioner of Labor]*, 32 AD3d 1089 [2006]; *Matter of Schnabel [Commissioner of Labor]*, 307 AD2d 572, 572-573 [2003]). In light of the foregoing, we do not address the underlying merits of the denial of the claim for benefits (*see Matter of Harris [Commissioner of Labor]*, 45 AD3d 1031, 1032 [2007]).

Mercure, J.P., Spain, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.