■ In the Matter of the Claim of RAMIZ BERISHA, Appellant. COMMISSIONER OF LABOR, Respondent. [932 NYS2d 597]—

The Department of Labor issued an initial determination disqualifying claimant from receiving unemployment insurance benefits and it was sustained by a default decision of an administrative law judge (hereinafter ALJ). Thereafter, the case was reopened and, following a hearing, an ALJ again ruled that claimant was disqualified from receiving unemployment insur-

ance benefits. This decision, dated July 20, 2010, was received by claimant on July 21, 2010. However, claimant did not write a letter to the Unemployment Insurance Appeal Board appealing this decision until August 16, 2010. The Board concluded that the appeal was untimely and dismissed it. Claimant now appeals the Board's decision.

We affirm. Appeals to the Board are to be taken within 20 days of the mailing or personal delivery of an ALJ's decision and this time requirement is strictly construed (see Labor Law § 621 [1]; Matter of Averett [Commissioner of Labor], 65 AD3d 1436, 1436-1437 [2009]; Matter of Palmatier [Commissioner of Labor], 63 AD3d 1329, 1329 [2009]). Here, claimant admitted to receiving the ALJ's decision on July 21, 2010, but did not pursue an appeal until August 16, 2010, more than 20 days later. Although he maintained that he was confused and thought another decision would be issued within two weeks, he has failed to demonstrate good cause for his failure to comply with the statute under the circumstances presented (see Matter of Freedman [Commissioner of Labor], 75 AD3d 713, 714 [2010]; Matter of Ortiz [Jet Hardware Mfg., Inc.—Commissioner of Labor], 70 AD3d 1104, 1105 [2010]). Therefore, the Board properly dismissed the appeal.

Mercure, J.P., Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.