Appeals from four decisions of the Unemployment Insurance Appeal Board, filed December 20, 2012, which dismissed claimant’s appeals from four decisions of an Administrative Law Judge as untimely.
Claimant filed an original claim for unemployment insurance benefits effective May 23, 2011. In connection therewith, the Department of Labor issued four notices of determination, two on January 27, 2012 and two on August 8, 2012, ruling, among other things, that claimant was ineligible to receive benefits. Claimant requested hearings with respect to these determinations. Upon his failure to appear at the hearings, the respective Administrative Law Judges (hereinafter ALJ) rendered four default decisions, two on April 16, 2012 and two on May 10, 2012, sustaining the determinations. Claimant made applications to reopen these decisions. With respect to the determinations rendered on April 16, 2012, the ALJ issued two decisions on August 9, 2012 denying claimant’s applications to reopen. With respect to the determinations rendered on May 10, 2012, the same ALJ issued two more decisions on August 9, 2012 granting claimant’s applications to reopen, but sustaining the determinations on the merits. Claimant appealed the four ALJ decisions to the Unemployment Insurance Appeal Board, and the Board dismissed the appeals as untimely. Claimant now appeals from the Board’s decisions.
*1108 We affirm. Labor Law § 621 (1) provides that an appeal to the Board from a decision of an ALJ must be made within 20 days of the mailing or personal delivery of the decision, and this time requirement is strictly construed (see Matter of Green [Commissioner of Labor], 87 AD3d 1222, 1222 [2011]; Matter of Davis [Commissioner of Labor], 71 AD3d 1369, 1370 [2010]). Here, the Board’s decisions were mailed to claimant on August 9, 2012 and contained specific instructions, both in English and in claimant’s native language, that any appeals were to be taken within 20 days of the date printed on the face of the decisions. Nevertheless, claimant’s notice of appeal was not received by the Board until November 2012, well outside the 20-day time period. Significantly, claimant offered no excuse for his failure to comply with the statutory time requirement (see Matter of Cunto [Commissioner of Labor], 109 AD3d 1076, 1077 [2013]; Matter of Politis [Commissioner of Labor], 96 AD3d 1340, 1340 [2012]). Accordingly, as we find that the Board properly dismissed the appeals as untimely, we do not address the merits of claimant’s arguments (see Matter of Davis [Commissioner of Labor], 71 AD3d 1369, 1370 [2010]).
Lahtinen, J.E, McCarthy, Garry and Egan Jr., JJ., concur.
Ordered that the decisions are affirmed, without costs.