■ In the Matter of the Claim of THOMAS L. TARTAGLIA, Respondent. AEGIS CAPITAL CORPORATION, Appellant; COMMISSIONER OF LABOR, Respondent. [9 NYS3d 746]—

McCarthy, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed October 17, 2013, which ruled that a request by Aegis Capital Corporation for a hearing was untimely.

Claimant applied for unemployment insurance benefits. By an initial determination dated June 19, 2012, he was deemed eligible to receive benefits and Aegis Capital Corporation was found liable for contributions based on remuneration paid to claimant and others similarly situated. Aegis was advised that it must request a hearing in writing within 30 days if it disagreed with the determination, but it failed to do so until November 2012. Following hearings, the Administrative Law Judge found that Aegis's request for a hearing was untimely and sustained the initial determination. The Unemployment Insurance Appeal Board affirmed, and Aegis now appeals.

"Pursuant to Labor Law § 620 (2), an employer has 30 days to request a hearing after the mailing or personal delivery of a notice of determination from which it claims to be aggrieved" (*Matter of Preyer [Dische—Commissioner of Labor]*, 121 AD3d 1216, 1216 [2014], *appeal dismissed* 24 NY3d 1204 [2015] [citations omitted]; *see* 12 NYCRR 461.2; *Matter of Agarwal [Bilingual Seit & Preschool, Inc.—Commissioner of Labor]*, 108 AD3d 807, 808 [2013]). "A request for a hearing shall be deemed to be timely filed if such request is postmarked within 30 days of the appealing party's receipt of such determination," and, absent proof to the contrary, is deemed to have been received "no later than five business days after the date on which it is mailed" (12 NYCRR 461.2). While the parties assert that the Board accepted Aegis's explanation that it had not received the initial determination until October 2012, the Board actually noted that it was adopting the factual findings of the Administrative Law Judge "*except* that the notice was not received by [Aegis] until October 12, 2012." The remaining proof as to receipt of notice was an affidavit from the Commissioner of Labor's agent averring that the determination was mailed to Aegis on June 19, 2012 and that the determination was not returned as undeliverable. Inasmuch as the Board was free to credit proof regarding when the determination was mailed over conflicting testimony, substantial evidence supports its finding that Aegis's request for a hearing was not received within the statutory 30-day period (*see Matter of Schwartz [Durhon Oldham Natl. Income Life—Commissioner of Labor]*, 17 AD3d 903, 903-904 [2005]). In light of the foregoing, Aegis's remaining arguments are academic.

Peters, P.J., Lahtinen and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.