*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015                    519041
_____

In the Matter of the Claim of
    RAVIN CHETRAM,
                    Appellant.

NEWTEK BUSINESS SERVICES,                MEMORANDUM AND ORDER
                    Respondent.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  May 5, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

        Baxter, Smith & Shapiro, PC, White Plains (Sim R. Shapiro
of counsel), for appellant.

        Michael A. Schwartz, New York City, for Newtek Business
Services, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Linda D. Joseph of counsel), for Commissioner of Labor,
respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed August 1, 2013, which denied claimant's application
for reopening and reconsideration of a prior decision.

        Claimant applied for unemployment insurance benefits after
he stopped working for the employer, and the Department of Labor
issued an initial determination disqualifying him from receiving
benefits on the ground that he voluntarily left his employment
without good cause.  Claimant requested a hearing and, following

extended proceedings, an Administrative Law Judge (hereinafter ALJ) issued a decision on February 28, 2013 that, among other things, sustained the initial determination. Claimant's counsel submitted a letter dated March 26, 2013 appealing this decision. The Unemployment Insurance Appeal Board dismissed the appeal as untimely by decision filed April 30, 2013. Claimant applied for reopening and reconsideration of this decision, but the Board issued a decision on August 1, 2013 denying his application. Claimant now appeals.

We affirm. Pursuant to Labor Law § 621 (1), an appeal to the Board from the decision of an ALJ must be made within 20 days of the date that the decision is mailed or personally delivered, and this time requirement is strictly construed (see Matter of Stephens [Commissioner of Labor], 119 AD3d 1258, 1259 [2014]; Matter of Buchkin [Commissioner of Labor], 115 AD3d 1107, 1108 [2014]). Here, the statutory time requirement was clearly not met and claimant has not offered any excuse for his noncompliance. Although claimant maintains that Labor Law § 621 (1) is inapplicable because he is appealing the Board's August 1, 2013 decision, not the ALJ's February 28, 2013 decision, his contention is unpersuasive. The ALJ's decision was the subject of claimant's March 26, 2013 appeal to the Board, which the Board upheld in its April 30, 2013 decision. The Board's April 30, 2013 decision was, in turn, the subject of claimant's application for reopening and reconsideration, which the Board denied in its decision filed August 1, 2013 that he is now appealing. Accordingly, the timeliness of the appeal from the ALJ's February 28, 2013 decision is directly implicated in the case now before us. Inasmuch as the appeal was properly dismissed as untimely, we need not reach the merits of claimant's underlying claim.

Lahtinen, J.P., Garry, Rose and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court