■ In the Matter of Claim of TYRONE W. PAGE, Appellant. COMMISSIONER OF LABOR, Respondent. [57 NYS3d 774]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 19, 2016, which dismissed claimant's appeal from a decision of the Administrative Law Judge as untimely.

Claimant applied for unemployment insurance benefits after he ceased work as a driver for the employer, M & V Limousine Ltd. The Department of Labor issued an initial determination disqualifying him from receiving benefits on the ground, among others, that he voluntarily separated from employment without good cause. Following a hearing, an Administrative Law Judge (hereinafter ALJ) issued a decision on December 29, 2015 that, among other things, sustained the denial of benefits on that ground. On September 9, 2016, over eight months later, claimant faxed a letter to the Unemployment Insurance Appeal Board appealing the ALJ's decision. The Board dismissed the appeal as untimely, and claimant now appeals.

We affirm. "Labor Law § 621 (1) provides that an appeal to the Board from a decision of an ALJ must be made within 20 days of the mailing or personal delivery of the decision, and this time requirement is strictly construed" (*Matter of Davis [Commissioner of Labor]*, 144 AD3d 1307, 1307 [2016]; *see Matter of Padilla [Commissioner of Labor]*, 136 AD3d 1080, 1080-1081 [2016]; *Matter of Chetram [Newtek Bus. Servs.—Commissioner of Labor]*, 129 AD3d 1399, 1400 [2015]). Here, the record reflects that the decision of the ALJ was mailed to both claimant and his attorney at the addresses on file with the Department, and that claimant appealed well beyond the required 20-day time frame. While claimant's appeal letter claimed that he and his attorney had "not been sent any information about this case," this is contradicted by the record.* To the extent that claimant's appeal letter also requested information regarding his claim for unemployment insurance benefits in a separate case involving a different employer, any confusion regarding that case did not provide good cause for the delay in filing a timely appeal in this case (*see Matter of Berisha [Commissioner of Labor]*, 89 AD3d 1309, 1310 [2011]). Thus, we agree with the Board's conclusion that claimant failed to offer a reasonable excuse for his noncompliance with the statutory requirement (*see Matter of Matteo [Commissioner of Labor]*, 134 AD3d 1307, 1307 [2015]; *Matter of Stephens [Commissioner of Labor]*, 119 AD3d 1258, 1259 [2014]). Accordingly, the merits of claimant's appeal are not properly before this Court, and the Board's decision will not be disturbed (*see Matter of Paladino [Commissioner of Labor]*, 140 AD3d 1496, 1497 [2016]; *Matter of Padilla [Commissioner of Labor]*, 136 AD3d at 1081).

McCarthy, J.P., Egan Jr., Clark, Mulvey and Aarons, JJ., concur. Ordered that the decision is affirmed, without costs.

McCarthy, J.P., Garry, Devine, Clark and Aarons, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Claimant did not allege that the ALJ decision was sent to an incorrect address (*cf. Matter of Monaghan [Commissioner of Labor]*, 16 AD3d 751, 752 [2005]). We note that the ALJ decision was mailed to the address listed on the initial determination, which is the same address that claimant provided at the hearing and that appears on claimant's pro se brief to this Court.