Matter of Fuller-Astarita v ABA Transp. Holding Co. (2019 NY Slip Op 07823)





Matter of Fuller-Astarita v ABA Transp. Holding Co.


2019 NY Slip Op 07823


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

527924

[*1]In the Matter of Joanne Fuller-Astarita, Appellant,
v
ABA Transportation Holding Company, Respondent. Workers' Compensation Board Respondent.

Calendar Date: September 3, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Sullivan Papain Block McGrath & Cannavo PC, New York City (Brian J. Shoot of counsel), for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for ABA Transportation Holding Company, respondent.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed April 16, 2018, which ruled, among other things, that Joanne Fuller-Astarita failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
On July 5, 2016, Joanne Fuller-Astarita, a bus driver's assistant, was walking near Railroad Avenue in the Town of Huntington, Suffolk County when she was hit by a bus owned by her employer, sustaining injuries to her back, pelvis and abdomen. Although Fuller-Astarita did not file a claim for workers' compensation benefits regarding this incident, her employer did and, by decision filed July 11, 2017, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that she had, in fact, sustained work-related injuries to her back, pelvis and abdomen,[FN1] prompting her counsel to submit an RB-89 application for review by the Workers' Compensation Board. In response to question 12 on the application regarding the "Basis of Appeal," however, Fuller-Astarita's counsel wrote, "Please see attached legal brief." Thereafter, by decision filed April 16, 2018, the Board, among other things, denied the application for review, finding that the application was not filled out completely as required by 12 NYCRR 300.13 (b) (1). Fuller-Astarita's subsequent application for reconsideration and/or full Board review was denied. Fuller-Astarita appeals from the April 16, 2018 Board decision.
Contrary to Fuller-Astarita's contention, the Board's decision denying the application for review did not address the merits of the WCLJ's decision, but was limited to her failure to follow the Board's procedural rules and regulations. As such, Fuller-Astarita's arguments in her appellate brief regarding the underlying merits of the WCLJ's decision are not properly before us (see generally Matter of Brasher v Sam Dell's Dodge Corp., 159 AD3d 1234, 1235 [2018], appeal dismissed 32 NY3d 1012 [2018]; Matter of Scalo v C.D. Perry & Sons, 129 AD3d 1431, 1432 [2015]; Matter of Bolden [Commissioner of Labor], 65 AD3d 727, 728 [2009]). Moreover, having failed to raise any issue in her appellate brief regarding the Board's denial of the application for review, she has abandoned any issue with regard thereto (see Matter of Lashlee v Pepsi-Cola Newburgh Bottling, 301 AD2d 879, 880 [2003]; Matter of Gardner v Structure Tone of NY, 272 AD2d 794, 795 [2000]). Fuller-Astarita's belated attempt to raise such issue for the first time in her reply brief is not properly before us (see Matter of Jay's Distribs., Inc. v Boone, 148 AD3d 1237, 1241 [2017], lv denied 29 NY3d 918 [2017]; Giblin v Pine Ridge Log Homes, Inc., 42 AD3d 705, 706 [2007]).
Lynch, Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Fuller-Astarita denies that the subject accident was work-related because she was laid off from employment as of June 24, 2016 and, instead, alleges that the employer and its workers' compensation carrier only accepted liability for the accident "as a means of shielding [themselves] from civil liability."