Matter of Tracy (Commissioner of Labor) (2024 NY Slip Op 00834)

Matter of Tracy (Commissioner of Labor)

2024 NY Slip Op 00834

Decided on February 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 15, 2024

CV-23-0034
[*1]In the Matter of the Claim of Rhonda Tracy, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 9, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Mackey, JJ.

Rhonda Tracy, Queens Village, appellant pro se.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Mackey, J.
Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed October 13, 2022, which dismissed claimant's appeal from a decision of an Administrative Law Judge as untimely, and (2) from a decision of said Board, filed December 20, 2022, which denied claimant's application for reopening and reconsideration.
By decision dated August 18, 2021, an Administrative Law Judge (hereinafter ALJ) ruled that claimant was ineligible to receive unemployment insurance benefits during the period in which she certified for benefits because she was not totally unemployed and charged her with, among other things, a recoverable overpayment of benefits. Claimant appealed the ALJ's decision by facsimile received on September 27, 2022. The Unemployment Insurance Appeal Board informed claimant that her appeal was untimely but that it would review her request to determine if good cause had been shown for the delay. By decision filed October 13, 2022, the Board dismissed claimant's appeal, finding that the appeal was not filed within 20 days of the ALJ's decision and that claimant did not supply any explanation for the delay. The Board denied claimant's subsequent application for reopening and reconsideration, finding that claimant did not provide any material new evidence or new argument that would affect the Board's prior decision and that she still did not offer any explanation for the delay in appealing the ALJ's decision. Claimant appeals from both Board decisions.
We affirm. "Labor Law § 621 (1) provides that an appeal to the Board from a decision of an ALJ must be made within 20 days of the mailing or personal delivery of the decision, and this time requirement is strictly construed" (Matter of Chin [Commissioner of Labor], 214 AD3d 1286, 1287 [3d Dept 2023] [internal quotation marks and citations omitted]).Claimant's appeal was submitted over a year after the ALJ's decision and she provided no excuse for the delay. As such, we find no reason to disturb the Board's decision dismissing claimant's appeal, and the merits of the ALJ's decision are not properly before us (see Matter of Williams [Commissioner of Labor], 163 AD3d 1389, 1309 [3d Dept 2018]; Matter of Page [Commissioner of Labor], 152 AD3d 857, 857-858 [3d Dept 2017]; Matter of Davis [Commissioner of Labor], 144 AD3d 1307, 1307-1308 [3d Dept 2016]). As claimant raises no arguments in her brief with regard to the Board's decision denying her request for reopening and reconsideration, she has abandoned any claims with respect to that appeal (see Matter of Ciotoli [Commissioner of Labor], 199 AD3d 1181, 1182 n 2 [3d Dept 2021]).
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decisions are affirmed, without costs.